IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:17-cr-00011 |
| v. | ) | |
| | ) | By:   Michael F. Urbanski |
| DA'SHAWN LEE EDWARDS, | ) | Chief United States District Judge |
| Defendant-Petitioner | ) | |

MEMORANDUM OPINION

This matter comes before the court on defendant Da'Shawn Lee Edwards' motions for compassionate release under 18 U.S.C. § 3582(c)(1)(A). ECF Nos. 574, 589. The government responded and Edwards has replied. ECF Nos. 593, 604. For the reasons stated herein, the court will **GRANT** Edwards' motions and reduce his sentence to 120 months.

BACKGROUND

On May 2, 2017, a Grand Jury returned a 28-count Indictment charging Edwards and twelve codefendants with various offenses based on distribution of heroin. Indictment, ECF No. 3. Edwards was charged with conspiring to distribute and possess with the intent to distribute heroin (Count 1) and eight counts of knowingly and intentionally distributing a mixture containing heroin (Counts 12, 13, 14, 15, 16, 17, 18, and 19). Id. On October 19, 2017, the government gave notice of enhanced punishment as to Edwards pursuant to 21 U.S.C. § 851.[1] The notice was based on Edward's previous conviction in state court for possession with

---

[1] Section 851 provides the following: "No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon." 21 U.S.C. § 851.

intent to distribute heroin. ECF No. 182. Edwards served approximately five months on the state court conviction. Presentence Investigation Report (PSR), ECF No. 394 ¶ 44.

On January 11, 2018, Edwards entered into a Rule 11(c)(1)(C) plea agreement in which he pled guilty to Count 1 of the indictment, conspiracy to distribute heroin. The parties agreed to a sentencing range of 144 to 180 months and the government agreed to dismiss the notice of enhanced punishment. Plea Agreement, ECF No. 257. Edwards pled guilty the same day. ECF Nos. 255, 258.

Edwards faced a ten-year statutory minimum term of imprisonment. 21 U.S.C. § 841(b)(1)(A). Applying the United States Sentencing Guidelines (USSG or guidelines), Edwards had an offense level of 30 based on his being responsible for at least one but less than three grams of heroin. PSR, ECF No. 394 ¶ 33 (citing USSG §2D1.1(c)(5)). He received a three-level reduction for acceptance of responsibility, for a total offense level of 27. PSR, ECF No. 394 ¶¶ 34-42. His offense level of 27 combined with his criminal history category of III gave him a guidelines range of 87 to 108 months. Had the government not withdrawn the § 851 enhancement, Edwards would have faced a statutory mandatory minimum sentence of 240 months. 21 U.S.C. § 841(b)(1)(A) (2010). On April 24, 2018, Edwards was sentenced to a term of 168 months to be followed by a 5-year term of supervised release. Edwards received credit for 14 months he served in state custody. J., ECF No. 413. Edwards has served approximately five years of the sentence and with credit for good conduct, he has a projected release date of March 11, 2028.[2]

---

[2] https://www.bop.gov/inmateloc/ (last viewed May 6, 2022).

## II.

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act, authorizes courts to modify terms of imprisonment as follows:

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Accordingly, Edwards' requested relief requires the court to consider (1) if he exhausted his administrative remedies; (2) if so, whether there are extraordinary and compelling reasons that warrant a reduction in his sentence; and (3) if so, what, if any, sentence reduction is appropriate after considering the applicable 18 U.S.C. § 3553(a) factors.

The court begins by considering the threshold requirement for obtaining relief under § 3582(c)(1)(A). United States v. Muhammad, 16 F. 4th 126, 129-30 (4th Cir. 2021). This requirement, which is non-jurisdictional, is "satisfied if a defendant requests the Bureau of Prisons to bring a motion [for compassionate release] on their behalf and either fully exhausts all administrative rights to appeal the Bureau's decision or waits 30 days from the date of their initial request to file a motion in the district court." Id. at 131; see also id. at 130 (emphasizing

that the wording of the statute "make[s] it abundantly clear that Congress has provided defendants with two alternative ways to satisfy the threshold requirement").

Edwards submitted a compassionate release request to the warden at his facility on October 1, 2020. ECF No. 575-1, Ex. 7. More than 30 days have passed since that request, making this motion timely in accordance with § 3582(c)(1)(A). The government does not dispute that Edwards has satisfied this threshold requirement. Therefore, the court finds that Edwards has fully satisfied the statute's administrative exhaustion requirement.

The court must next consider whether there are any "extraordinary and compelling reasons" that would warrant "reduc[ing] the term of imprisonment" imposed in Edwards' case. 18 U.S.C. § 3582(c)(1)(A). In United States v. McCoy, 981 F.3d 271, 284 (4th Cir. 2020), the Fourth Circuit held that district courts may consider "any extraordinary and compelling reason for [compassionate] release that a defendant might raise." Id. (citing United States v. Brooker, 976 F.3d 228, 239 (2d Cir. 2020)). In so holding, the court rejected the notion that district courts are constrained by the policy statement found in USSG § 1B1.13 and the application note that accompanies the policy statement. See discussion, McCoy, 981 F.3d at 280-84.

The McCoy court examined the changes to 18 U.S.C. § 924(c) brought about by the First Step Act. Prior to the First Step Act, simultaneous convictions, and subsequently sentences, under § 924(c) were "stacked," meaning that "a conviction was treated as 'second or subsequent,' triggering the 25-year minimum sentence, even if the first § 924(c) conviction was obtained in the same case." McCoy, 981 F.3d at 275. The First Step Act changed the sentencing structure for multiple convictions under § 924(c)—the statute now requiring a new

violation "that occurs after a prior conviction under [the] subsection has become final" to trigger the mandatory minimum sentence of 25 years. 18 U.S.C. § 924(c)(i). "Under § 403 of the First Step Act, that is, the 25-year mandatory minimum is 'reserved for recidivist offenders, and no longer applies to multiple § 924(c) convictions obtained in a single prosecution.'" McCoy, 981 F.3d at 275 (quoting United States v. Jordan, 952 F.3d 160, 171 (4th Cir. 2020)). The practical result of the change is that where defendants once faced a mandatory minimum sentence of 25 or 30 years when convicted of two firearms offenses in a single prosecution, they now face a mandatory minimum sentence of 5 years on each offense, for a total of 10 years. United States v. Redd, 444 F. Supp. 3d 717, 720 (E.D. Va. Mar. 16, 2020).

In this case, Edwards' argument is based on a change to 21 U.S.C. § 841(b)(1)(A) which occurred as part of the First Step Act. Prior to the First Step Act, § 841(b)(1)(A) provided that if a person violated the statute "after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment which may not be less than 20 years . . . ." 21 U.S.C. § 841(b)(1)(A) (2010). The First Step Act amended the statue to provide that if a person violated the statute "after a prior conviction for a serious drug felony or serious violent felony has become final, such person shall be sentenced to a term of imprisonment of not less than 15 years . . . ." 21 U.S.C. § 841(b)(1)(A) (2018).

The term "felony drug offense" is defined as "an offense that is punishable by imprisonment for more than one year under any law of the United States or of a State or foreign country that prohibits or restricts conduct related to narcotic drugs . . . ." 21 U.S.C. § 802(44). The term "serious drug felony" is defined as an offense described in 18 U.S.C. 924(e)(2) for which the offender served a term of imprisonment of more than 12 months. 21

U.S.C. § 802(57). Thus, today, in order for a sentence to be increased under § 841(b)(1)(A), a person must have a prior conviction for a "serious drug felony" rather than a "felony drug offense," meaning he must have served more than 12 months on the offense.[3]

It is undisputed that Edwards did not serve 12 months on the underlying drug charge that was cited as the predicate offense for the § 851 enhancement. If Edwards were sentenced for the same conduct today and the § 851 enhancement did not apply, he would be subject to a mandatory minimum sentence of 120 months and a guidelines sentence of 87 to 108 months. PSR, ECF No. 394 ¶¶ 32-42; 21 U.S.C. § 841(b)(1)(A); USSG Ch 5 Pt A. In the context of Edwards' plea agreement, with the § 851 enhancement off the bargaining table, the plea agreement framework would have been substantially different. Namely, the government would not have been able to threaten Edwards with a 240-month sentence and Edwards would have had no incentive to agree to a sentencing range of 144 to 180 months.

In McCoy, 981 F.3d at 285-86, the Fourth Circuit found that a "gross disparity" between a petitioner's sentence at the time of conviction and the sentence that would be imposed under current law can be considered an "extraordinary and compelling reason" for granting compassionate release.[4] Edwards argues that if he were sentenced today, he would most likely be sentenced to the mandatory minimum term of 120 months and that the 48-month difference between his original sentence of 168 months and the sentence he would

---

[3] Edwards does not argue that the decrease in the sentence from 20 years to 15 years is relevant to his case.
[4] In McCoy, one petitioner originally was sentenced to just over 35 years and his sentence was reduced to time served, or approximately 17 years.  The three other petitioners were sentenced to 45 years and their sentences were reduced to time served, or approximately 25 years. McCoy, 981 F.3d at 277-79.

receive today is a gross disparity that provides an extraordinary and compelling reason to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i).

The government argues that the disparity between the sentence Edwards received in 2018 and the sentence he would receive for the same conduct today is not an extraordinary and compelling reason to reduce his sentence. It claims that non-retroactive changes in sentencing law are not necessarily extraordinary and compelling and that a defendant must show that his circumstances are beyond what is "usual, customary, regular, or common." Opp'n to Def's Mot. for Release, ECF No. 592 at 5 (citing Black's Law Dictionary, (11th ed. 2019)). The government goes on to argue that Edwards cannot meet the heightened standard of "extraordinary and compelling" because the disparity between the sentence he received and the sentence he would receive today is much smaller than the 20-year difference contemplated in McCoy.

The court disagrees. McCoy made clear that in the context of "stacked" sentences imposed under 18 U.S.C. § 924(c), "the enormous disparity between [the original] sentence and the sentence a defendant would receive today can constitute an 'extraordinary and compelling' reason for relief under § 3582(c)(1)(A)." McCoy, 981 F.3d at 285. This court and others have applied the McCoy reasoning when considering motions for compassionate release based on the claim that a defendant would no longer be subject to a longer sentence based on a § 851 enhancement. See, e.g., United States v. Gamboa, No. 2:08-cr-00151-2, 2022 WL 275528 (S.D.W.V. Jan. 28, 2022) (quoting United States v. Johnson, No. 2:07-cr-0924, 2021 WL 2379474 (D.S.C. June 10, 2021)) ("[T]he logic 'espoused in McCoy … applies with equal force to the similar disparities brought about by the First-Step-Act changes to [21 U.S.C.]

Case 5:17-cr-00011-MFU-JCH   Document 686   Filed 05/17/22   Page 8 of 13   Pageid#: 2337

§§ 841 and 851.'"); United States v. Richards, No. 3:11-CR-31, 2021 WL 3861599 (W.D. Va. Aug. 30, 2021) (quoting United States v. Stuart, No. 5:92-CR-114-BR-3, 2020 WL 7232074, at *3 (E.D.N.C. Dec. 8, 2020) ("Following McCoy, other district courts in this Circuit have found that they 'may consider changes in sentencing law—even nonretroactive one—in assessing whether a defendant has shown extraordinary and compelling reasons warrant a reduction in his sentence.'"); Babb v. United States, No. ELH-04-0190, 2021 WL 2315459, at *12 (D. Md. June 4, 2021) (concluding that court has authority under McCoy to consider legislative change to § 851 in conducting review of motion for compassionate release); United States v. Lii, 528 F. Supp.3d 1153 (D. Haw. Mar. 23, 2021) (applying reasoning in McCoy to reduce a life sentence based on two prior state court convictions for relatively minor drug offenses); and United States v. Williams, No. 5:12cr14, 2020 WL 5834673 (W.D. Va. Sept. 30, 2020) (same).

Additionally, the fact that the difference in the two sentences is four years, and not the larger differences cited in McCoy, is not dispositive. This court found in United States v. Shaw, No. 5:15-cr-00025, 2021 WL 3007266 (W.D. Va. July 15, 2021), that a sentencing disparity of 22 months was an extraordinary and compelling reason to grant a sentence reduction. Other courts have found similar differences in sentences to qualify as "extraordinary and compelling reasons" to reduce a sentence. See United States v. Williams, No. 14-cr-428, 2021 WL 5827327 (E.D. Va. Dec. 8, 2021) (finding sentence more than three years longer than it would have been were defendant convicted today to be an extraordinary and compelling reason for compassionate release); and United States v. Brown, No. 3:15-cr-00017, 3:06-cr-00021, 2021 WL 2389881, at *10 (W.D. Va. June 11, 2021) (finding 74-month difference in sentence defendant would have received if sentenced today to be a "gross disparity" and thus an

8

extraordinary and compelling reason to warrant a sentence reduction). Here, the 4-year difference in the sentences is almost thirty percent of Edwards' current sentence and is 4 years of his life, which is significant. The court finds that the 4-year disparity between Edwards' current sentence and the sentence he would likely be given for the same conduct today, meets the threshold discussed in McCoy, and is an "extraordinary and compelling" reason to warrant a sentence reduction under § 3582(c)(1)(A).

## III.

Having found that an extraordinary and compelling reason exists for a sentence reduction, the court "must 'consider[]' the § 3553(a) sentencing factors 'to the extent that they are applicable' in deciding whether to exercise its discretion to reduce the defendant's term of imprisonment." United States v. High, 997 F.3d 181, 186 (4th Cir. 2021) (quoting 18 U.S.C. § 3582(c)(1)(A)). Those factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed—

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . . .

(5) any pertinent policy statement –

(A) issued by the Sentencing Commission . . . .

(6) the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

Looking first at the nature and circumstances of the offense, Edwards was a member of a large and long-running conspiracy that distributed heroin in Front Royal, Virginia. PSR, ECF No. 394 ¶¶ 17-18. The conspiracy was responsible for five non-fatal overdoses. Id. ¶¶ 22-27. Edwards was active in the conspiracy from July 2015 through September 2016, except for the period of November 11, 2015, through May 23, 2016, when he was in state custody on related state charges. Id. ¶ 28. During Edwards' participation in the conspiracy, law enforcement made eight controlled buys from him, and it was determined that he was responsible for between one and three kilograms of heroin. Id. The court is familiar with the destruction wrought by heroin distribution and finds that Edwards' participation in this conspiracy weighs against reducing his sentence.

Turning to the history and characteristics of the defendant, Edwards was convicted in state court of distributing heroin when he was 18 years old. That arrest and conviction came

10

during his participation in the conspiracy for which he was convicted in this court, and he committed the instant offense while on probation on the state charges. Id. ¶¶ 44, 61. These actions show a lack of remorse as well as a lack of appreciation for the serious consequences of his actions, both to the public and to himself.

On the other hand, Edwards was very young when he committed the offenses, just 18 years old when he was arrested on the state court offenses and 22 years old when he was arrested for the instant offense. He was raised by a single mother who worked multiple jobs to support herself and her four children. Id. ¶ 62. Edwards began smoking marijuana and drinking alcohol when he was around 14 years old and began using heroin at the age of 16. He smoked marijuana and used heroin daily until he was arrested on the instant offense. Id. ¶ 67. The PSR does not indicated that Edwards has a history of violence and aside from an incident when he was 14 years old, he has never been charged with a violent offense. Id. ¶¶ 51-61.

Since being incarcerated, Edwards has earned his GED, has taken other classes, and works as an orderly. He has had one disciplinary infraction for being in an unauthorized area. Records, ECF No. 589-1 at 2-6. Edwards has the support of his mother and sister, both of whom have pledged to help him adjust to being out of prison when he is released. Letters, ECF No. 575-1 at 2-3. The court finds that Edwards' history and characteristics show that as a young man without adequate adult supervision, he made terrible choices and engaged in destructive behavior. However, as he has matured, Edwards has taken steps to better himself and appears to have gained an understanding of the consequences of making poor choices. Taken as a whole, Edwards' history and characteristics weigh in favor of reducing his sentence.

Turning to the next factors, the need for the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant, the court finds that a reduced sentence would be sufficient to accomplish these goals. A sentence of 120 months is substantial, and the court does not believe that additional time is necessary to achieve the punitive and deterrent goals of punishment. Nor does the court find that additional time is necessary to provide Edwards with educational or vocational training, medical care, or other correctional treatment.

Looking at the kinds of sentences available and the applicable guidelines range, as discussed above, Edwards would face a statutory mandatory minimum sentence of 120 months for his offense if he were sentenced today. This factor weighs in favor of a reduction of his sentence.

Finally, considering the need to avoid unwarranted sentencing disparities, the court notes that the sentences assessed in the conspiracy ranged from time served to 190 months. If Edwards' sentence on the drug charge is reduced to 120 months, his sentence is still higher than the sentences assessed for all but three other members of the thirteen-member conspiracy. The court finds that a reduction of Edwards' sentence on the drug charge to 120 months does not cause an unwarranted sentencing disparity between Edwards and his codefendants.

After considering the parties' arguments and the applicable § 3553(a) factors, the court concludes that a sentence reduction is warranted in Edwards' case. Given the circumstances of this case, including Edwards' history and characteristics, and the changes in 18 U.S.C. §

841(b)(1)(A) brought about by the First Step Act, the court concludes that a sentence of 120 months is appropriate. Such a sentence is sufficient, but not greater than necessary, to reflect the seriousness of Edwards' conduct and criminal history, promote respect for the law, provide just punishment, afford specific and general deterrence, and protect the public. See 18 U.S.C. § 3553(a).

**IV.**

For the above-stated reasons, the court will **GRANT** Edwards' motions for compassionate release, ECF Nos. 574, 589, and reduce his sentence to 120 months. The clerk is directed to send a copy of this memorandum opinion and accompanying order to the petitioner, his counsel of record, and the United States. An appropriate order will be entered.

It is so **ORDERED**.

Entered: May 16, 2022

Digitally signed by Michael F. Urbanski        Chief U.S. District Judge
Date: 2022.05.16 15:26:41 -04'00'

Michael F. Urbanski
Chief United States District Judge

13